IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **United States of America** | ) | |
| | ) | |
| v. | ) | No. 05 CR 675 |
| | ) | |
| **Donald Copeland** | ) | |

## MEMORANDUM OPINION AND ORDER

Donald Copeland ("defendant") is charged with three counts of bank fraud under 18 U.S.C. § 1344. Each of the three counts of the superseding indictment charges defendant with an execution of a scheme involving the fraudulent submission of a loan application to U.S. Bank: Count I charges that on or about July 22, 1998, defendant executed the scheme by submitting or causing to be submitted a fraudulent loan application under the business name "VAS Enterprises"; Count II charges that on or about August 3, 1998, defendant executed the scheme by submitting or causing to be submitted a fraudulent loan application under the business name "Maximilian Building Associates"; Count III charges that on or about August 5, 1998, defendant executed the scheme by submitting or causing to be submitted a fraudulent loan application under the business name "We Clean". Defendant now brings four pretrial motions.

I. Motion to Strike Surplusage

As part of a general description of the alleged scheme, each count of the indictment contains or incorporates the language:

"loan applications were submitted under the names of businesses including, but not limited to, VAS Enterprises, Maximilian Building Associates, We Clean, AFL Enterprises, Neo Environment, Inc., BSA Enterprises, Leo-Max Associates, VOL Consultant, Max Rental Associates . . . ." Even though the government plans to show evidence of the nine fraudulent applications, the government has chosen to indict the defendant on only three executions of the scheme. Defendant now moves to strike "allegations as to all applications other than those charged as a criminal offense" arguing that reference to these applications is not essential to the indictment and is prejudicial.

"A motion to strike surplusage should be granted only if the targeted allegations are clearly not relevant to the charge and are inflammatory and prejudicial." *United States v. Chaverra-Cardona*, 667 F. Supp. 609, 611 (N.D. Ill. 1987). In this matter, the six additional alleged fraudulent applications are undeniably relevant to proving the overall scheme of bank fraud. The government's choice to only indict on three specific counts does not prevent it from presenting additional evidence relevant to proving the overarching scheme. *United States v. Hammen*, 977 F.2d 379, 383 (7th 1982)("[E]ach execution need not give rise to a charge in the indictment."); *See also United States v. Kirkham*, 129 Fed. Appx. 61, 69 (5th Cir. 2005) (stating that it is permissible to list in an indictment executions of a scheme even though they are not

charged executions). Therefore, defendant's motion to strike surplusage is denied.

## II. Motion to Dismiss for Duplicity

Defendant moves to dismiss the indictment for duplicity. Duplicity, or the joining of more than one offense in a single count, is prohibited because a jury cannot render in a general verdict a finding on each offense individually. *United States v. Marshall*, 75 F.3d 1097, 1111 (7th Cir. 1996). Section 1344 reads:

> Whoever knowingly executes, or attempts to execute, a scheme or artifice—
>
> (1) to defraud a financial institution; or
>
> (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises;
>
> shall be fined not more than $ 1,000,000 or imprisoned not more than 30 years, or both.

Each count in the indictment in this case reads in relevant part:

> [D]efendant herein, knowingly executed and attempted to execute the above-described scheme to defraud U.S. Bank by knowingly submitting or causing to be submitted a fraudulent Advantage Line Loan Application for the business of [NAME] to U.S. Bank; In violation of United States Code, Section 1344.

Defendant argues that the indictment charges more than one offense in each count because the language of the indictment generally charges the defendant under § 1344 without specifying a

3

subsection, and blends the language of § 1344(1) and § 1344(2) in doing so. Defendant argues that the two subsections of § 1344 are different offenses requiring different proof.

Defendant is correct that courts have characterized each subsection of § 1344 as a separate offense. *United States v. Doherty*, 969 F.2d 425, 427 (7th Cir. 1992) ("The statute, which reads in the disjunctive, establishes two distinct, albeit closely related, offenses: (1) schemes to defraud financial institutions; and (2) schemes to obtain money, etc., from financial institutions by false pretenses, representations or promises."); *United States v. LeDonne*, 21 F.3d 1418, 1426 (7th Cir. 1994). In specifically addressing § 1344, however, it has been held that a single count of an indictment may conjunctively charge bank fraud under both subparagraph (1) or (2). *United States v. LeDonne*, 21 F.3d 1418, 1427 (7th Cir. 1994) ("where a statute defines two or more ways in which an offense may be committed, all may be alleged in the conjunctive in one count in order to adequately apprise the defendant of the government's intention to charge him under either prong of the statute. And proof of any one of those acts conjunctively charged may support a conviction.")(citations omitted); *See also United States v. Crisci*, 273 F.3d 235, 239 (2d Cir. 2001)("a single count of an indictment may charge bank fraud under both subsections (1) and (2) and that proof of the violation of either subsection is sufficient to support a conviction").

Although the counts do not explicitly state that the defendant is being charged under both subsections in this case (i.e. the indictment does not read ". . . in violation of § 1344(1) and § 1344(2)"), the language of the indictment tracks and incorporates the language of both § 1344(1) and § 1344(2). The language of the indictment conjunctively charges acts, that if proved, could support a conviction under either subsection of § 1344. Defendant's motion to dismiss the indictment for duplicity is denied.

III. Motion to Dismiss for Multiplicity

Defendant moves to dismiss the indictment for multiplicity. Multiplicity is the charging of a single offense in multiple counts and may result in a defendant receiving multiple punishments for a single offense. *United States v. Muhammad*, 120 F.3d 688, 702 (7th Cir. 1997). Defendant argues that the government has only alleged one distinct scheme of bank fraud and that each of the three counts punishes that single scheme.

Under § 1344, ""each 'execution' of a scheme . . . constitutes a separate violation of § 1344." *United States v. Allender*, 62 F.3d 909, 912 (7th Cir. 1995). Each execution of a scheme can be punished separately and charged in a separate count. *Id.; United States v. Hord*, 6 F.3d 276, 323 (7th Cir. 1994). The question of whether alleged acts constitute separate executions of a scheme or are merely acts in furtherance of a single execution is a question

5

of how "interrelated" the alleged acts are. *United States v. Longfellow*, 43 F.3d 318, 323 (7th Cir. 1994). Acts are separate executions when they are "chronologically and substantively independent[,] none depended on the others for its existence, [and] each had its own functions and purpose [and] they were interrelated only because they involved the same overall scheme." *Id.* (quoting *United States v. Molinaro*, 11 F.3d 853, 859 (9th Cir. 1993)). In determining the interrelatedness of executions, a key inquiry is whether the actions in question subjected the financial institution to a new and additional risk or whether the actions were taken in furtherance of a previously created risk. *Id.* at 325.

In the present case, the applications were all submitted on different dates, under different business names, and contained different false and fraudulent statements. Each alleged fraudulent application was for a separate and distinct loan that subjected U.S. Bank to a new and additional monetary risk independent of any other application. The fact that U.S. Bank was the financial institution involved in all three transactions does not alter the fact that they were separate executions. *See Id.* Furthermore, the fact that each count incorporates a general description of the scheme as background to that count does not make the indictment multiplicative because each count requires the proof of a specific execution of the scheme. Accordingly, defendant's motion to dismiss for multiplicity is denied.

6

IV. Motion for Bill of Particulars

Fourth, defendant moves for a bill of particulars stating the following: 1) the specific portion of each loan or application alleged to be false; 2) specific disclosure of documents relating to the alleged financial loss $133,539.00 because the defendant has received 1223 pages of undifferentiated documents; 3) for each alleged fraudulent transaction, a specification of the date, loan applicant, and amount of loss; 4) identification of anonymous co-schemers Individual A and Individual B referenced in the indictment; 5) identification of the persons constituting "others" referenced in the indictment on whose behalf defendant is alleged to have submitted fraudulent information; and 6) the name address of every potential witness.

The court has discretion whether to require a bill of particulars. *United States v. Canino*, 949 F.2d 928, 949 (7th Cir. 1991). "The test for whether a bill of particulars is necessary is whether the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial." *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981). The court may consider "the complexity of the charges, the clarity of the indictment, and the degree of discovery available to the defense absent a bill." *Canino*, 949 F.2d at 949. Additionally, a bill of particulars becomes unnecessary when the information desired is available

through some other form. *Canino*, 949 F.2d at 949.

In the present case, the indictment sets forth the general time period of the alleged scheme as between August, 1997 and August, 1998. Defendant is apprised of the business names under which the nine alleged fraudulent applications were submitted and of the specific dates of the application of each of the three specific executions that form the basis of the three counts. The indictment further specifies that for each application, the false information submitted may include amount of sales, annual income of the signatory, the amount of personal assets of the signatory, and the amount of saving and checking account balances.

The government also has allowed the defendant to inspect all documentary and physical evidence to be used at trial. The government has provided the defendant with all bank records and summary analyses of the bank records to simplify review. Additionally, the government has stated its intent to release to defendant the tax returns of all loan applicants involved in this case. According to the government, all the information that the defendant seeks in regards to his first five requests has already been provided in these records.

The information sought in the defendant's second, third, fourth, and fifth requests exceeds the level of evidentiary detail appropriate for a bill of particulars and has nevertheless been made available through discovery. Therefore, defendant's second,

8

third, fourth, and fifth requests are denied. I deny defendant's sixth request because it is not appropriate to use a bill of particulars to obtain a list of the government's witnesses. *United States v. Johnson*, 504 F.2d 622, 628 (7th Cir. 1974) ("It is well settled that a bill of particulars cannot be used to obtain a list of the government's witnesses"). Defendant's first request for specification of the portions of each loan application alleged to be false is granted. Given the nature of the charges against him – the indictment does not allege that the defendant actually prepared all of the alleged fraudulent applications himself – this information is necessary so that the defendant can adequately prepare his defense and avoid unfair surprise.

**ENTER ORDER:**

*Elaine E. Bucklo*
—————————————
**Elaine E. Bucklo**
United States District Judge

Dated: December 1, 2005